UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLES H. AARONSON,

                Plaintiff,

-against-

AMERICAN MEDICAL SYSTEMS, INC.,

                Defendant.
-------------------------------------------------------------------X

**ORDER**

**09-CV-2487 (NGG) (RLM)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2011 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Charles Aaronson brings this products liability suit against American Medical Systems, Inc. ("AMS") for damages arising from injuries sustained in using the AMS Ambicor Inflatable Penile Prosethesis. (See Compl. (Docket Entry # 1).) Defendant AMS moved to dismiss Plaintiff's Complaint based on federal preemption. (See Def. Mem. (Docket Entry # 15).) On September 3, 2011, the court denied Defendant's motion without prejudice, and directed the parties to conduct limited discovery on the issue of whether the Ambicor is a Class III medical device for which the FDA granted pre-market approval. (Docket Entry # 17.) The court also directed Plaintiff within fourteen days of the end of discovery to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), clarifying the bases of his state-law claims such that the court can analyze whether these claims are preempted by federal law. (Id.)

      Magistrate Judge Roanne L. Mann held a conference on October 1, 2010, and directed that "Plaintiff shall amend his complaint by 10/22/10, and shall, by 11/15/10, provide the Rule 12(e) statement required by Judge Garaufis." (Docket Entry # 19.) Plaintiff filed an Amended Complaint dated October 22, 2010 (Docket Entry # 20), but never filed a Rule 12(e) statement.

1

The parties agreed to the following schedule for Defendant's motion for summary judgment: Defendant's motion to be served by December 6, 2010; Plaintiff's opposition to be served by December 27, 2010; and Defendant's reply, if any, to be served by January 4, 2011. (Docket Entry # 23.) In a January 4, 2011 letter, Defendant informed the court that Plaintiff had failed to serve his opposition brief, and Defendant had been unable to make contact with Plaintiff's attorney. (Docket Entry # 25.) That same day, Judge Mann issued an Order to Show Cause by January 6, 2011, why the relief requested should not be granted. (Docket Entry # 26.) On February 23, 2011 Judge Mann held that Defendant's motion should be deemed unopposed under the circumstances:

> The Order To Show Cause was electronically docketed and served on both counsel. Nevertheless, although plaintiff's response was due by January 6, 2011, he still has not responded, nor has he taken any further steps in the past four months to pursue his claims. Furthermore, he has now ignored two court orders—one directing that he file his opposition to the motion to dismiss by December 27, 2010, and the Order To Show Cause as to why that motion should not be deemed unopposed.

(Docket Entry # 27.)

On June 23, 2011, the court directed that, in light of Plaintiff's repeated failures to take steps necessary to prosecute this action, Plaintiff is directed to provide the court with a letter by July 1, 2011, explaining why he failed to comply with the Court's previous orders and stating whether Plaintiff intends to continue to prosecute this matter. (Docket Entry # 28.) That order noted that the court has received no communication from Plaintiff since he filed his Amended Complaint in October 2010, and Plaintiff has failed to (1) file the Rule 12(e) statement ordered by this court (Docket Entry # 17 at 4); (2) file an opposition to Defendant's motion for summary judgment; and (3) respond to Judge Mann's order to show cause (Docket Entry # 27). (Docket Entry # 28.)

On July 1, 2011, Plaintiff's counsel, Jeffrey Lessoff, faxed a letter to the court stating that he has "not gotten any of [his] ecf letters or orders on this matter since October 2010" due to a "computer problem or error," which he is "trying to rectify." (Docket Entry # 30.) Mr. Lessoff also represented that he is "undergoing very serious health problems." (Id.) The court appreciates the difficulties created by Mr. Lessoff's medical conditions; nonetheless, the court cannot allow this action to languish indefinitely.

Thus, the court will proceed with this action as follows. First, Mr. Lessoff is directed to provide his client with a realistic assessment of his ability, in light of his health problems, to continue representation in this matter and inquire with his client about how he would like to proceed. Mr. Lessoff shall electronically file a letter with the court by Friday, July 22, 2011, apprising the court of what decision Plaintiff has made with regard to his legal representation going forward. Second, while Judge Mann rightly deemed the motion for summary judgment unopposed due to Plaintiff's repeated failures to respond (Docket Entry # 27), in light of Plaintiff's counsel's recent representations to the court that his failure to respond was not willful and that he "wish[es] to continue to prosecute this matter and will get to compliance with all previous orders forthwith" (Docket Entry # 30), the court believes the interests of justice are best served by striking the order deeming the motion unopposed (Docket Entry # 27) and permitting Plaintiff to respond to Defendant's motion for summary judgment.

The briefing schedule for Defendant's motion for summary judgment is as follows: Plaintiff is to serve Defendant with and electronically file the Rule 12(e) statement ordered by this court (Docket Entry # 17 at 4) by Friday, August 26, 2011; Plaintiff shall also serve Defendant with his Memorandum in Opposition to Defendant's Motion for Summary by Friday, September 2, 2011; Defendant shall serve Plaintiff with its Reply and electronically file the fully

3

briefed motion by October 7, 2011. Defendant's unopposed motion for summary judgment is DENIED without prejudice as not fully briefed, but may be renewed pursuant to the briefing schedule set forth in this order.

Plaintiff and his counsel are reminded that in choosing to bring this action they assumed the obligation to prosecute it without undue delay. If issues arise in the future that hinder Plaintiff's or his counsel's ability to comply with this obligation, then it is incumbent on them to promptly notify the court and opposing counsel. The court will not tolerate further dereliction. This case will be litigated on the court's schedule, not at Plaintiff's pleasure.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 12, 2011

NICHOLAS G. GARAUFIS
United States District Judge

4