FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ MAY 15 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHARLES H. AARONSON,

                Plaintiff,

    -against-

AMERICAN MEDICAL SYSTEMS, INC.,

                Defendant.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-2487 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Charles Aaronson brings this products liability suit against American Medical Systems, Inc. ("AMS") for damages from injuries sustained in using the AMS Ambicor Inflatable Penile Prosthesis. (See Compl. (Docket Entry # 1).) The case was removed to federal court based on diversity jurisdiction. Due to Plaintiff's habitual noncompliance toward court directives and the resulting delays, Plaintiff's Complaint is dismissed for failure to prosecute.

**I.    BACKGROUND**

    After removal, AMS moved to dismiss Plaintiff's Complaint based on federal preemption. (See Def. Mem. (Docket Entry # 15).) On September 3, 2010, the court denied Defendant's motion without prejudice, and directed the parties to conduct limited discovery on the issue of whether the Ambicor is a Class III medical device for which the FDA granted pre-market approval. (Docket Entry # 17.) The court also directed Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) within fourteen days of the end of discovery, clarifying the bases of his state-law claims such that the court could analyze whether these claims are preempted by federal law. (Id.)

    Magistrate Judge Roanne L. Mann held a conference on October 1, 2010, and directed that "Plaintiff shall amend his complaint by 10/22/10, and shall, by 11/15/10, provide the Rule

12(e) statement required by Judge Garaufis." (Initial Conference Hearing (Docket Entry # 19).) Plaintiff filed an Amended Complaint dated October 22, 2010 (Docket Entry # 20), but never filed a Rule 12(e) statement. The parties agreed to the following schedule for Defendant's motion for summary judgment: Defendant's motion was to be served by December 6, 2010; Plaintiff's opposition was to be served by December 27, 2010; and Defendant's reply, if any, was to be served by January 4, 2011. (Order on Mot. for Extension of Time to File (Docket Entry # 23).) In a January 4, 2011 letter, Defendant informed the court that Plaintiff had failed to serve his opposition brief and that Defendant had been unable to make contact with Plaintiff's attorney; counsel requested that therefore the motion to dismiss be deemed unopposed. (Deft. Ltr. (Docket Entry # 25).) That same day, Judge Mann issued an Order to Show Cause requiring Plaintiff to advise the court by January 6, 2011, as to why the relief requested should not be granted. (Docket Entry # 26.) On February 23, 2011 Judge Mann held that Defendant's motion should be deemed unopposed under the circumstances:

> The Order To Show Cause was electronically docketed and served on both counsel. Nevertheless, although plaintiff's response was due by January 6, 2011, he still has not responded, nor has he taken any further steps in the past four months to pursue his claims. Furthermore, he has now ignored two court orders—one directing that he file his opposition to the motion to dismiss by December 27, 2010, and the Order To Show Cause as to why that motion should not be deemed unopposed.

(Mem. & Order (Docket Entry # 27) at 1.)

On June 23, 2011, the court ordered that, in light of Plaintiff's repeated failures to take steps necessary to prosecute this action, Plaintiff should provide the court with a letter by July 1, 2011, explaining why he failed to comply with the Court's previous orders and stating whether Plaintiff intends to continue to prosecute this matter. (Mem. & Order (Docket Entry # 28).) That order noted that the court has received no communication from Plaintiff since he filed his

2

Amended Complaint in October 2010, and Plaintiff has failed to (1) file the Rule 12(e) statement ordered by this court (Docket Entry # 17 at 4); (2) file an opposition to Defendant's motion for summary judgment; and (3) respond to Judge Mann's Order to Show Cause (Docket Entry # 27). (Id.)

On July 1, 2011, Plaintiff's counsel, Jeffrey Lessoff, faxed a letter to the court stating that he has "not gotten any of [his] ecf letters or orders on this matter since October 2010" due to a "computer problem or error," which he is "trying to rectify." (Docket Entry # 30.) Mr. Lessoff also represented that he is "undergoing very serious health problems." (Id.) The court on July 12, 2011 ordered Mr. Lessoff to file a letter with the court by July 22, 2011, "apprising the court of what decision Plaintiff has made with regard to his legal representation going forward" and set a briefing schedule for Defendant's motion for summary judgment which ordered Plaintiff to "serve Defendant with and electronically file the Rule 12(e) statement . . . by Friday, August 26, 2011; [and] serve Defendant with his Memorandum in Opposition to Defendant's Motion for Summary [Judgment] by Friday September 2, 2011 . . . ." (See July 12, 2011 Order (Docket Entry # 32) at 3-4.) The court struck the Order deeming the summary judgment motion unopposed and denied the motion without prejudice so that the court could rule once briefing was complete. The court warned that it would "not tolerate further dereliction." (Id.) Plaintiff did not file the letter or any of the documents the briefing schedule required.

## II. FAILURE TO PROSECUTE

The court now dismisses, sua sponte, Plaintiff's Complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). See Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001) ("A district court also has the power to dismiss for failure to prosecute sua sponte.") (internal citation omitted). A court should consider the following five factors in

3

deciding whether to dismiss a claim for failure to prosecute:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004) (internal citations omitted). "No one factor is dispositive . . . ." Id.

The plaintiff's failure to prosecute has caused a delay of significant duration and these failures were those of the plaintiff. "[A] plaintiff cannot escape responsibility for failing to prosecute his claim even if his attorney is the source of the delay." Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 351 (S.D.N.Y. 2005). Where a plaintiff chooses his attorney, "he cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). The court was sympathetic to Mr. Lessoff's claim of health issues and provided him with a new set of deadlines after his July 1, 2011 letter. The court ordered him to submit a letter by July 22, 2011, detailing his plans to move forward. (July 12, 2011 Order.) Nearly ten months have since passed, and Mr. Lessoff has not submitted any such letter. Nor has Mr. Lessoff complied with the court orders to submit a Rule 12(e) statement by August 26, 2011 and to submit a Memorandum in Opposition to Defendant's Motion by September 2, 2011. Furthermore, over sixteen months have passed since Plaintiff was first ordered to submit his opposition.

Plaintiff was given notice in the court's previous order that further delay would result in dismissal. (See July 12, 2011 Order at 4 ("The court will not tolerate further dereliction. This case will be litigated on the court's schedule, not at Plaintiff's pleasure").) Prejudice has been evidenced by Defendant's two letters submitted to the court indicating frustration with Plaintiff's

4

failure to meet the court-ordered deadlines (See Ltrs. (Docket Entry # 33 and 34), and may be presumed because of the length of delay. See Drake 375 F.3d at 256-257. The court notes that this litigation has been pending on its calendar for nearly three years and the court has several times altered briefing schedules to permit Plaintiff to file required documents, including after Mr. Lessoff's July 1, 2011 letter. Finally, the court sees no reason why a lesser sanction would be more efficient where Mr. Lessoff has already been given extensions and where he has failed to make contact with Defendant or the court for some time.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is DISMISSED, with prejudice, for failure to prosecute.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       May 14, 2012

NICHOLAS G. GARAUFIS
United States District Judge

5